# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

KEAREN L. BAUGH,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No.: 1:15-CV-203-JVB-SLC

## OPINION AND ORDER

Plaintiff Kearen L. Baugh seeks judicial review of the Acting Social Security Commissioner's decision denying her claim for disability insurance benefits. She asks this Court to reverse the Commissioner's final decision or to remand this cause for further proceedings. For the reasons below, the Court remands.

**A.**     **Overview of the case**

Plaintiff was 40 years old at the time of the alleged disability onset date of February 15, 2011. She claims she became disabled as a result of severe headaches, dizziness, neck pain, back pain, and other pathologies. The Administrative Law Judge (ALJ) found Plaintiff had the following severe impairments: obesity, degenerative disc disease of the cervical spine, migraines, and occipital neuralgia. Yet the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R § 404.1520(d). Moreover, the ALJ found Plaintiff has the residual functional capacity to perform sedentary work, with some restrictions.

**B.     Standard of review**

The Court has authority to review the Commissioner's decision under 42 USC § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

**C.     Disability standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff argues the ALJ committed three errors: (1) she failed to account properly for Plaintiff's migraines in the analysis of Plaintiff's residual functional capacity; (2) she failed to account properly for occipital neuralgia limitations in the assessment of Plaintiff's residual

functional capacity; and (3) she improperly relied on the vocational expert's testimony as substantial evidence.

**(1)** ***The ALJ erred by failing to build a logical bridge from the evidence of Plaintiff's migraines to the ALJ's conclusions regarding work limitations***

The ALJ must build an "accurate and logical bridge" between the evidence and his conclusions. *Thomas*, 745 F.3d at 806.

The ALJ recognized that the medical records and the Plaintiff's hearing testimony established the existence of severe impairments, including migraines. The ALJ noted that these impairments are "severe" within the meaning of the regulations "because they significantly limit the claimant's ability to perform basic work activities." (ALJ's Decision, DE 11 at 20 of 558.) But the ALJ also concluded that the migraines fail to meet or medically equal the regulatory listing of *ipso facto* disabling conditions.

Instead, the ALJ concluded that the migraines and other conditions leave Plaintiff with the residual functional capacity to perform certain sedentary work, with limitations. The ALJ concluded that the migraines require various limitations:

> Due to her migraine headaches, she must avoid concentrated exposure to humidity, respiratory irritants such as fumes, odors, dusts, gases, and poorly ventilated areas, as well as bright and/or flashing lights and very loud noise. Because of her pain and medication side effects, she is unable to engage in complex or detailed tasks, but can perform simple, routine and repetitive tasks consistent with unskilled work, and is able to sustain and attend to task throughout the workday. She is limited to work in a low stress job, defined as only occasional decision making required and only occasional changes in work setting.

(ALJ's Decision, DE 11 at 34 of 558.)

But the ALJ does not build a logical bridge between the evidence of Plaintiff's migraines and the ALJ's conclusion that these limitations will accommodate the migraines. The ALJ does not, for example, cite any evidence—much less substantial evidence—that avoiding concentrated exposure to humidity, fumes, odors, dusts, gases, flashing lights, or very loud noise will eliminate Plaintiff's migraines, or mitigate them to the point that she can work. The ALJ does not cite any evidence that these environmental conditions trigger or exacerbate Plaintiff's migraines—much less any evidence that these environmental conditions are the only instigators. Also, it is unclear what pain the ALJ refers to in the second sentence quoted above.

The Court directs the ALJ on remand to build the required logical bridge between the evidence of the migraines and the conclusions regarding limitations based on the migraines.

If the ALJ cannot build such a bridge, perhaps Plaintiff requires more limitations to accommodate her migraines. If the only feasible limitation related to her migraines is absence from work for a significant number of days per month, perhaps the ALJ should conclude Plaintiff is disabled. If the ALJ simply concludes Plaintiff's migraines are not so harsh or frequent as to prevent Plaintiff from working eight hours per day, five days per week, and the ALJ simply concludes the given limitations might be helpful even without evidence that the listed environmental factors trigger or exacerbate the migraines, then the ALJ should say so, bearing in mind that normal CT scans of the head do not rule out migraines.

The Court does not cast an opinion as to whether Plaintiff is or is not disabled due to her migraines. Instead, the Court, following its mandate, seeks a logical bridge between the evidence and the conclusions.

**(2)** *Other issues*

Plaintiff also raises issues regarding occipital neuralgia. On remand, the ALJ will have the opportunity to consider this condition along with the issues regarding the migraines.

Plaintiff also raises issues regarding the vocational expert. Some Seventh Circuit cases seem to support Plaintiff's argument that the ALJ should not have relied on the vocational expert's testimony as substantial evidence. But Plaintiff also appears to have waived the argument because she failed to raise it before the ALJ.

In any event, since the Court remands this case to the ALJ, the Court need not decide whether the ALJ committed any error regarding this issue because on reconsideration, the vocational expert may confront different facts.

**E.  Conclusion**

For these reasons, the Court orders the Clerk to remand this case for proceedings not inconsistent with this Order.

**SO ORDERED** on September 30, 2016.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE